UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**KELSEY BOUCHER,**

    **Plaintiff,**                           Case No.:

v.

**WHARTON-SMITH, INC.,** a
Florida Profit Corporation,

    **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff KELSEY BOUCHER (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant WHARTON-SMITH, INC. (hereinafter "Defendant"), and in support of states as follows:

## NATURE OF CASE

This is an action to remedy interference and retaliation under the Family and Medical Leave Act of 1993 ("FMLA") 29 U.S.C. § 2601, et seq., and to remedy discrimination pursuant to the provisions of the Americans with Disabilities Act, as amended ("ADAAA") and the Florida Civil Rights Act ("FCRA"). Plaintiff is seeking damages including back pay, front pay, compensatory damages, liquidated damages, punitive damages (if permitted to

be pled), attorneys' fees and costs, and any other relief to which the Plaintiff is entitled including but not limited to equitable relief.

## JURISDICTION & VENUE

1. The Court has jurisdiction over this complaint pursuant to 28 U.S.C. §1331.

2. The Plaintiff's claims arise under the laws of the United States. Venue is proper pursuant to 28 U.S.C. § 1391.

3. Additionally, the events giving rise to this action occurred within this District.

## PARTIES

4. Plaintiff began performing work for Defendant beginning on or about July 22, 2019.

5. Plaintiff was employed with Defendant in Orlando, Orange County, Florida.

6. Defendant is a Florida for profit corporation providing general contracting services, including but not limited to the location where Plaintiff was employed.

7. Defendant employs more than fifty (50) employees.

8. Defendant employs more than fifty (50) employees within 75 miles of Orlando, Florida.

9. Plaintiff was an "employee" as defined by the FMLA.

10. Defendant is an "employer" as defined by the FMLA.

11. Plaintiff was an "employee" as defined by the ADAAA.

12. Defendant is an "employer" as defined by the ADAAA.

13. Plaintiff was an "employee" as defined by the FCRA.

14. Defendant is an "employer" as defined by the FCRA.

## ADAAA STATUTORY PREREQUISITES

15. At all times material hereto, Plaintiff suffered from postpartum depression, a disabling medical condition under the ADAAA.

16. Plaintiff was discriminated against based on her disability.

17. Plaintiff is a member of a class of individuals protected by the ADAAA.

18. The Defendant meets the statutory criteria for coverage as "employers" under the ADAAA.

19. Plaintiff meets the statutory criteria for coverage as an "employee" under the ADAAA.

20. At all times material to the allegations herein, Plaintiff was qualified for her Senior Proposal Coordinator position with Defendants.

21. Plaintiff timely filed her Charge of Discrimination with the EEOC on or around December 21, 2020.

22. The EEOC issued a Dismissal and Notice of Rights on May 11, 2022.

23. Therefore, the initial Complaint in this action is being filed within 90 days of Plaintiff receiving her right-to-sue letter.

24. Plaintiff has complied with all other ADAAA requirements and all prerequisites prior to bringing this lawsuit.

## FACTUAL ALLEGATIONSS

25. Plaintiff was employed with Defendant from approximately July 22, 2019, through September 18, 2020.

26. At the time of her unlawful termination, Plaintiff was employed as a Senior Proposal Coordinator for Defendant.

27. At all times material, Plaintiff was praised for the consistent accuracy of her work product and performed well while working for the Defendant.

28. Plaintiff was employed with Defendant for more than one (1) calendar year leading up to August 24, 2020.

29. Plaintiff worked at least 1,250 hours for Defendant during the year immediately preceding August 2020.

30. At all times material, Plaintiff suffered from serious medical conditions for which she was undergoing treatment.

31. Plaintiff's medical condition was also a ADAAA qualifying disability.

32. Plaintiff informed Human Resources as well as her supervisors, Becky Titus and Toni Henry of her diagnosis and that her treatment and condition would be ongoing.

33. Plaintiff's physician recommended that she take FMLA due to the temporary worsening of her medical condition.

34. As such, on or around August 24, 2020, Plaintiff applied for FMLA leave pursuant to Defendant's policies and procedures.

35. On or around August 24, 2020, Plaintiff received confirmation from Defendant of her eligibility for FMLA leave.

36. Plaintiff was scheduled to commence her FMLA leave on August 24, 2020.

37. On or about September 1, 2020, Plaintiff received a return to work note by her physician.

38. On September 18, 2020, Plaintiff was terminated from her position for "job performance".

39. However, Defendant required Plaintiff to also request all accrued paid time off (PTO) for any unused sick and vacation time to be paid out while on FMLA leave.

40. Defendant was aware that Plaintiff had timely and properly requested FMLA for her own medical condition.

41. Defendant was aware that Plaintiff's treating physician had submitted the necessary documentation for Defendant to process Plaintiff's request for FMLA leave.

42. Plaintiff was eligible for FMLA leave for her own medical condition.

43. Defendant did not properly advise Plaintiff of her rights under the FMLA.

44. Defendant interfered with Plaintiff's rights under the FMLA.

45. Prior to needing FMLA leave for her own medical condition, Plaintiff had no recent performance or discipline related issues while working for the Defendant.

46. Accordingly, Defendant's actions are *direct* evidence of bias against Plaintiff for utilizing her FMLA rights.

47. Defendant's actions interfered with Plaintiff's rights under the FMLA.

48. Defendant retaliated against Plaintiff for attempting to engage in her rights under the FMLA.

49. Defendant also discriminated against Plaintiff because of her ADAAA qualifying disability.

## COUNT I
## DISCRIMINATION UNDER THE ADAAA

50. Plaintiff re-alleges and adopts the allegations of paragraphs 1-48 above as if fully set forth herein.

51. Plaintiff suffers from disabling medical conditions pursuant to the ADAAA.

52. Plaintiff was discriminated against by the Defendant due to her disability in violation of Federal law.

53. Defendant failed to engage in the interactive process to determine whether any accommodation could be given to Plaintiff without creating an undue hardship to Defendant.

54. Defendant denied Plaintiff reasonable accommodation as required by Federal law.

55. Plaintiff is protected by the ADAAA:

   a. Plaintiff was disabled or a "perceived as disabled" employee who suffered discrimination because of her disability or "perceived disability" by Defendants; and

   b. Plaintiff suffered an adverse employment action as a result of her disability or "perceived disability."

56. Defendants were at all material times an "employer" as envisioned and defined by the ADAAA.

57. Plaintiff's medical conditions are protected disabilities under the ADAAA, as amended. *See* 42 U.S.C. § 12102.

58. Defendants' actions unquestionably constitute disability discrimination in violation of the ADAAA, as amended.

59. By reason of the foregoing, Defendants' actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADAAA.

60. Alternatively, Defendants perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of her position, even though Plaintiff could perform same with a reasonable accommodation.

61. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendants as if it did.

62. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendants' attitude toward the impairment.

63. Defendants do not have a non-discriminatory rationale for denying Plaintiff's accommodation request.

64. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendants, during her employment. Therefore, she is members of protected classes as envisioned by the ADAAA.

65. Plaintiff suffered sufficiently severe and pervasive treatment because of her disability and/or "perceived disability," and request for

accommodation regarding same.

66. The acts of Defendants, by and through their agents and employees, violated Plaintiff's rights against disability discrimination under the ADAAA.

67. The discrimination to which Plaintiff was subjected was based on her disability and/or "perceived disability."

68. The conduct of Defendants, their agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

69. The conduct of Defendants was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendants to deter it, and others, from such conduct in the future.

70. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADAAA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

    b.        Interest on back pay and benefits;

    c.        Front pay and benefits;

    d.        Compensatory damages for emotional pain and suffering;

    e.        Injunctive relief;

    f.        Prejudgment interest;

    g.        Costs and attorney's fees; and

    h.        Such other relief as the Court may deem just and proper.

## COUNT II
## RETALIATION UNDER THE ADAAA

71. Plaintiff re-alleges and adopts the allegations of paragraphs 1-48 above as if fully set forth herein.

72. Plaintiff suffers from disabling medical conditions pursuant to the ADAAA.

73. Plaintiff was retaliated against by the Defendant due to her disabilities in violation of Federal law.

74. Plaintiff was retaliated against by the Defendants due to her disabilities in violation of Federal law.

75. Defendants failed to engage in the interactive process to determine whether any accommodation could be given to Plaintiff without creating an undue hardship to Defendants.

76. Defendants denied Plaintiff reasonable accommodation as

required by Federal law.

77. Defendants terminated Plaintiff because requested reasonable accommodation off due to her disability.

78. Defendants terminated Plaintiff in violation of the ADAAA.

79. Plaintiff is protected by the ADAAA:

    a.    Plaintiff was disabled or a "perceived as disabled" employee who suffered discrimination because of her disability or "perceived disability" by Defendants; and

    b.    Plaintiff suffered an adverse employment action as a result of her disability or "perceived disability."

80. Defendants were at all material times an "employer" as envisioned and defined by the ADAAA.

81. Plaintiff's medical conditions are protected disabilities under the ADAAA, as amended. *See* 42 U.S.C. § 12102.

82. Defendants' actions unquestionably constitute retaliation in violation of the ADAAA, as amended.

83. By reason of the foregoing, Defendants' actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADAAA.

84. Alternatively, Defendants perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of her position, even

though Plaintiff could perform same with a reasonable accommodation.

85. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendants as if it did.

86. Pleading in the alternative, Plaintiff's medical conditions constituted an impairment that limited a major life activity only because of Defendants' attitude toward the impairment.

87. Defendants do not have a non-discriminatory rationale for terminating the Plaintiff.

88. Plaintiff was a disabled individual or otherwise perceived as disabled by Defendants, during their employment. Therefore, she is a member of protected classes as envisioned by the ADAAA.

89. The acts of Defendants, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADAAA.

90. The retaliation to which Plaintiff was subjected was based on her disability and/or "perceived disability."

91. The conduct of Defendants, its agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

92. The conduct of Defendants was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendants to deter it, and others, from such conduct in the future.

93. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADAAA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

   a.   Back pay and benefits;

   b.   Interest on back pay and benefits;

   c.   Front pay and benefits;

   d.   Compensatory damages for emotional pain and suffering;

   e.   Injunctive relief;

   f.   Prejudgment interest;

   g.   Costs and attorney's fees; and

   h.   Such other relief as the Court may deem just and proper.

## COUNT III
## DISABILITY DISCRIMINATION IN VIOLATION OF THE FCRA

94. Plaintiff re-alleges and adopts the allegations of paragraphs 1-48 above as if fully set forth herein.

95. Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

96. Plaintiff is a member of a protected class because she suffers from disabling medical conditions.

97. At all material times, Plaintiff was qualified to perform her job duties.

98. Plaintiff was treated less favorable than similarly situated non-disabled employees.

99. Defendants discriminated against Plaintiff because of her disabilities.

100. Plaintiff was also subjected to the adverse employment action of having her hours reduced and being terminated.

101. The acts of Defendants, by and through their agents and employees, violated Plaintiff's rights against discrimination under the FCRA because they treated Plaintiff less favorably because of her disabilities.

102. Defendant does not have a legitimate, non-discriminatory reason for firing Plaintiff.

103. The conduct of Defendants and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and

suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

104. The conduct of Defendants was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendants, to deter Defendants, and others, from such conduct in the future.

105. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the FCRA.

106. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Injunctive relief;

    f. Prejudgment interest;

    g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

## COUNT IV
## RETALIATION IN VIOLATION OF THE FCRA

107. Plaintiff re-alleges and adopts the allegations of paragraphs 1-48 above as if fully set forth herein.

108. Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

109. Plaintiff is a member of a protected class because she suffers from disabling medical conditions.

110. At all material times, Plaintiff was qualified to perform her job duties.

111. Plaintiff was subjected to the adverse employment action of having her hours reduced and being terminated.

112. Defendants retaliated against the Plaintiff for requesting reasonable accommodations due to her disabilities.

113. The acts of Defendants, by and through their agents and employees, violated Plaintiff's rights against retaliation under the FCRA because they treated Plaintiff less favorably because of her disabilities.

114. Defendants do not have a legitimate, non-discriminatory reason for firing Plaintiff.

115. The conduct of Defendants and its agents and employees,

proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

116.  The conduct of Defendants was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendants, to deter Defendants, and others, from such conduct in the future.

117.  Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the FCRA.

118.  Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendants which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

   a.   Back pay and benefits;

   b.   Interest on back pay and benefits;

   c.   Front pay and benefits;

   d.   Compensatory damages for emotional pain and suffering;

   e.   Injunctive relief;

    f.     Prejudgment interest;

    g.    Costs and attorney's fees; and

    h.    Such other relief as the Court may deem just and proper.

## COUNT V
## RETALIATION UNDER THE FMLA

119. Plaintiff re-alleges and adopts the allegations of paragraphs 1-47 above as if fully set forth herein.

120. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

121. Defendant was Plaintiff's employer as defined by the FMLA.

122. Defendant discriminated and retaliated against Plaintiff because Defendant knew she was eligible for leave under the FMLA.

123. Defendant discriminated and retaliated against Plaintiff because Plaintiff attempted to exercise her rights under the FMLA

124. Defendant had actual or constructive knowledge of the discriminatory/retaliatory conduct of its representative(s).

125. Defendant's acts and omissions negatively affected one or more terms, conditions, and/or privileges of Plaintiff's employment.

126. Defendant's discriminatory and retaliatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA-covered leave.

127. Defendant's conduct violated Plaintiff's right to be free from discrimination and retaliation as guaranteed by the FMLA.

128. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

129. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

130. Defendant's violations of the FMLA were willful.

131. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable reliefallowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Injunctive relief;

    f. Prejudgment interest;

    g. Costs and attorney's fees; and

    h. Such other relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: <u>August 9, 2022</u>　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　***/s/Anthony J. Hall***
　　　　　　　　　　　　　　　　　　　　Anthony J. Hall, Esq.
　　　　　　　　　　　　　　　　　　　　FL Bar No. 40924
　　　　　　　　　　　　　　　　　　　　THE LEACH FIRM, P.A.
　　　　　　　　　　　　　　　　　　　　631 S. Orlando Avenue, Suite 300
　　　　　　　　　　　　　　　　　　　　Winter Park, FL 32789
　　　　　　　　　　　　　　　　　　　　Telephone: (407) 574-4999
　　　　　　　　　　　　　　　　　　　　Facsimile: (321) 594-7316
　　　　　　　　　　　　　　　　　　　　Email: ahall@theleachfirm.com
　　　　　　　　　　　　　　　　　　　　Email: aperez@theleachfirm.com
　　　　　　　　　　　　　　　　　　　　***Attorneys for Plaintiff***